UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DILIPKUMAR PATEL AND** **SHOBHANA PATEL** **36 Beechwood Boulevard** **Feasterville-Trevose, PA  19053** **Plaintiffs,** **v.** **MONSTER, INC. a/k/a** **MONSTER CABLE PRODUCTS, INC.** **1156 Clement Street** **San Francisco, CA  94118** **Defendant** **E&S International Enterprises, Inc** **7801 Hayvenhurst Avenue** **Van Nuys, CA 91406** **Defendant** | **CIVIL ACTION NO.:** |

## COMPLAINT

### PARTIES

1.      Plaintiffs are Dilipkumar Patel and Shobhana Patel, adults who live at and own the real property known as 36 Beechwood Blvd, Feasterville-Trevose, PA 19053. Hereinafter the "subject property." Plaintiffs are citizens of the United Kingdom.

2.      Upon information and belief, Defendant Monster, Inc. a/k/a Monster Cable Products, Inc. ("Monster") was at all times relevant hereto a privately held corporation organized under the law of California with its principal place of business at 1156 Clement Street, San Francisco CA 94118 , and was authorized to do business in Pennsylvania; upon further information and belief, Defendant was at all times relevant hereto in the business of speaker design, manufacture, assembly, distribution, marketing and/or sales.

3 Monster is, among other things a manufacturer of consumer electronics including audio speakers.

4. Defendant E&S International Enterprises, Inc (hereinafter "ESI") is a California corporation which is headquartered at 7801 Hayvenhurst Avenue, Van Nuys, CA 91406.

5. ESI is a wholesaler and distributor of consumer electronics.

## JURISDICTION

6.     Jurisdiction is based on 28 U.S.C. §1332(a)(2) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

7.     Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8.     Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

9.     Prior to June 30, 2018, plaintiffs purchased a Monster-brand speaker for use at the subject property ("subject speaker"); the subject speaker had been designed, manufactured, assembled, distributed, marketed and/or sold by Defendants.

10.     On or about June 30, 2018, the subject speaker malfunctioned and failed catastrophically; this resulted in a fire that caused substantial damage to the subject property, personal property withing the subject property and damages for the loss of use of the subject property.

11. ESI imported the speaker into the United States.

12. ESI distributed the subject speaker in the United States.

13. ESI manufactured the subject speaker.

14. ESI designed the subject speaker.

15. ESI was responsible for the design of the subject speaker.

16. ESI sold the subject speaker.

17. The subject speaker was warrantied by ESI.

18. ESI was responsible for the appearance and the packaging of the subject speaker.

19. Monster imported the speaker into the United States.

20. Monster distributed the subject speaker in the United States.

21. Monster manufactured the subject speaker.

22. Monster designed the subject speaker.

23. Monster was responsible for the design of the subject speaker.

24. Monster sold the subject speaker.

25. The subject speaker was warrantied by Monster.

26. Monster was responsible for the appearance and the packaging of the subject speaker.

27. Both Monster and ESI operated by and through their agents, employees, officers and agents who were performing within the scope of their agency.

28.     As a direct and proximate result of Defendants' unlawful acts and/or omissions as described herein, plaintiffs sustained the damages described herein in an amount in excess of $850,000.00.

## COUNT I – STRICT LIABILITY
### Plaintiffs v Monster

29.     Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

30.     Monster is engaged, and at all times relevant hereto was engaged, in the business of designing, manufacturing, assembling, marketing, distributing, and/or selling, *inter alia*, speakers such as the subject speaker.

31.     Monster designed, manufactured, assembled, marketed, distributed, and/or sold the subject speaker in a defective condition, unreasonably dangerous to foreseeable users and property owners, including plaintiffs.

32.     Monster knew or should have known that the subject speaker would reach plaintiffs without substantial change from the condition in which it was sold.

33.     The subject speaker did reach plaintiffs without substantial change from the condition in which sold.

34.     The aforementioned defects consisted of:

   a.     design defects;
   b.     manufacturing defects;
   c.     component defects;
   d.     a failure to warn of the design, manufacturing and/or component defects;
   e.     a failure to properly instruct as to the appropriate operating and maintenance procedures for safe use of the subject speaker thereof.

35.     The speakers did malfunction.

36.     The dangerous and defective condition of the speaker was unknowable to the plaintiffs.

37.     The speaker and its parts were defective under the Risk Utility Test and The Consumer Expectation Test.

38.     As a direct and proximate result of the aforementioned defects, plaintiffs sustained damages to their real and personal property, as well as the imposition of additional expenses as well as loss of the use and quiet and enjoyment of their real property.

39.     For these reasons, Monster is strictly liable to Plaintiffs for their damages under applicable law.

**WHEREFORE,** Plaintiffs demands judgment in their favor and against Monster in an amount in excess of $850,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, punitive damages and such other relief as the Court deems appropriate under the circumstances.

### COUNT II – NEGLIGENCE
**Plaintiffs v Monster**

40.     Plaintiffs incorporate herein by reference the foregoing paragraphs as though same were fully set forth at length.

41.     The plaintiffs' damages were the direct and proximate result of Monster's negligence and carelessness – itself and/or by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

a.     failing to exercise reasonable care in the following manner:

i.      failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

ii.     failing to properly inspect, test and/or requalify the subject speaker and/or its component parts;

iii.    failing to properly determine that the subject speaker and/or its component parts were not in compliance with applicable standards;

iv.     failing to create and provide safe and adequate warnings or instructions with the subject speaker; and/or

v.      designing, manufacturing, marketing, distributing and/or selling the subject speaker when Defendant knew or should have known that it and/or its component parts would be inadequate for the reasons for which purchased.

b.      failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c.      failing to adequately warn plaintiffs and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d.      failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e.      failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f.      failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g.      failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h.      violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

i.      selling a defective speaker that the defendant knew or should have known could malfunction causing damage.

42.      As a direct and proximate result of the aforementioned negligence, plaintiffs sustained damage to their real and personal property, as well as the imposition of additional expenses together with inconvenience and loss of use and quiet enjoyment of their real and personal property.

43.      For these reasons, Monster is liable to Plaintiffs for their damages under applicable law.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Monster in an amount in excess of $850,000.00, plus interest, costs of suit, reasonable attorney fees, delay

damages, punitive damages and such other relief as the Court deems appropriate under the circumstances.

## COUNT III – BREACH of WARRANTIES
### Plaintiffs v Monster

44.     Plaintiffs incorporate herein by reference the foregoing paragraphs as though same were fully set forth at length.

45.     At the time of the sale and/or distribution of the subject speaker, Monster had reason to know the particular purpose to which the subject speaker would be used (i.e. residential application) and that it was being relied upon to furnish a suitable product.

46.     In light of the negligence, breaches, failures and harms alleged herein, Monster breached the implied warranty of fitness for a particular purpose in that the subject speaker was not fit for the particular purpose for which such products are required under normal operation.

47.     In addition, Monster breached its implied warranty of merchantability in that the subject speaker was not fit for the ordinary uses for which it was used.

48.     Monster also breached any and all express warranties made or relating to the subject speaker that became part of the basis of the bargain for sale of the product.

49.     Monster has better access to all written forms of said warranties and therefore is not prejudiced by Plaintiffs' inability to attach them hereto.

50.     Plaintiffs' damages as described herein occurred as a direct and proximate result of the breach(es) by Monster of its implied and express warranties.

51.     Plaintiffs have met any and all conditions precedent to recovery for such breaches.

52.     As a direct and proximate result of the aforementioned breaches, plaintiffs sustained damages to their real and personal property, as well as the imposition of additional expenses and plaintiffs lost the use and quiet enjoyment of their real and personal property.

53.     For these reasons, Monster is liable to Plaintiffs for their damages under applicable law.

**WHEREFORE,** Plaintiffs demands judgment in their favor and against Defendant in an amount in excess of $850,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT IV – STRICT LIABILITY
### Plaintiffs v ESI

54.     Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

55.     ESI is engaged, and at all times relevant hereto was engaged, in the business of designing, manufacturing, assembling, marketing, distributing, and/or selling, *inter alia*, speakers such as the subject speaker.

56.     ESI designed, manufactured, assembled, marketed, distributed, and/or sold the subject speaker in a defective condition, unreasonably dangerous to foreseeable users and property owners, including plaintiffs.

57.     ESI knew or should have known that the subject speaker would reach plaintiffs without substantial change from the condition in which it was sold.

58.     The subject speaker did reach plaintiffs without substantial change from the condition in which sold.

59.     The aforementioned defects consisted of:

    a.     design defects;
    b.     component defects;
    c.     a failure to warn of the design, manufacturing and/or component defects;
    d.     a failure to properly instruct as to the appropriate operating and maintenance procedures for safe use of the subject speaker thereof

60.     The speakers did malfunction.

61.     The dangerous and defective condition of the speaker was unknowable to the plaintiffs.

62.     The speaker and its parts were defective under the Risk Utility Test and The Consumer Expectation Test.

63.     As a direct and proximate result of the aforementioned defects, plaintiffs sustained damages to their real and personal property, as well as the imposition of additional expenses as well as loss of the use and quiet and enjoyment of their real property.

64.     For these reasons, ESI is strictly liable to Plaintiffs for their damages under applicable law.

**WHEREFORE,** Plaintiffs demands judgment in their favor and against ESI in an amount in excess of $850,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, punitive damages and such other relief as the Court deems appropriate under the circumstances.

### COUNT V – NEGLIGENCE
### Plaintiffs v ESI

65.     Plaintiffs incorporate herein by reference the foregoing paragraphs as though same were fully set forth at length.

66.     The plaintiffs' damages were the direct and proximate result of ESI's negligence and carelessness – itself and/or by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

      a.     failing to exercise reasonable care in the following manner:

            i.     failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

    ii.     failing to properly inspect, test and/or requalify the subject speaker and/or its component parts;

    iii.    failing to properly determine that the subject speaker and/or its component parts were not in compliance with applicable standards;

    iv.    failing to create and provide safe and adequate warnings or instructions with the subject speaker; and/or

    v.     designing, manufacturing, marketing, distributing and/or selling the subject speaker when Defendant knew or should have known that it and/or its component parts would be inadequate for the reasons for which purchased.

b.    failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c.    failing to adequately warn plaintiffs and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d.    failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e.    failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f.    failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g.    failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h.    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

i.    selling a defective speaker that the defendant knew or should have known could malfunction causing damage.

67.    As a direct and proximate result of the aforementioned negligence, plaintiffs sustained damage to their real and personal property, as well as the imposition of additional

expenses together with inconvenience and loss of use and quiet enjoyment of their real and personal property.

68.     For these reasons, ESI is liable to Plaintiffs for their damages under applicable law.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against ESI in an amount in excess of $850,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, punitive damages and such other relief as the Court deems appropriate under the circumstances.

## COUNT VI – BREACH of WARRANTIES
### Plaintiffs v ESI

69.     Plaintiffs incorporate herein by reference the foregoing paragraphs as though same were fully set forth at length.

70.     At the time of the sale and/or distribution of the subject speaker, ESI had reason to know the particular purpose to which the subject speaker would be used (i.e. residential application) and that it was being relied upon to furnish a suitable product.

71.     In light of the negligence, breaches, failures and harms alleged herein, ESI breached the implied warranty of fitness for a particular purpose in that the subject speaker was not fit for the particular purpose for which such products are required under normal operation.

72.     In addition, ESI breached its implied warranty of merchantability in that the subject speaker was not fit for the ordinary uses for which it was used.

73.     ESI also breached any and all express warranties made or relating to the subject speaker that became part of the basis of the bargain for sale of the product.

74.     ESI has better access to all written forms of said warranties and therefore is not prejudiced by Plaintiffs' inability to attach them hereto.

75.     Plaintiffs' damages as described herein occurred as a direct and proximate result of the breach(es) by ESI of its implied and express warranties.

76.    Plaintiffs have met any and all conditions precedent to recovery for such breaches.

77.    As a direct and proximate result of the aforementioned breaches, plaintiffs sustained damages to their real and personal property, as well as the imposition of additional expenses and plaintiffs lost the use and quiet enjoyment of their real and personal property.

78.    For these reasons, ESI is liable to Plaintiffs for their damages under applicable law.

**WHEREFORE,** Plaintiffs demands judgment in their favor and against Defendant in an amount in excess of $850,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## DAMAGES

79. Plaintiffs incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

80.    As a result of the tortious conduct and breach of warranties and duties of the defendants as set forth hereinabove the plaintiffs were damaged.

81.    Both plaintiffs were the owners of the subject real property and were also the owners of the personal property contained therein. As a result of the fire that was caused by the defendants' defective product the plaintiffs sustained a substantial loss of both real and personal property.

82.    As a direct result of the tortious conduct and breach of warranties and duties of the defendants the plaintiffs were forced to vacate their home for an extended period of time. Plaintiffs were left without the unique comforts and benefits they otherwise would have enjoyed had they not been forced to vacate their home. This resulted in substantial inconvenience and discomfort and interference with the plaintiffs' rights of peaceful quiet enjoyment and the

comfort of their real property. Plaintiffs were also forced to pay money for alternate living arrangements. Plaintiffs were damaged as a result thereof.

      **WHEREFORE,** Plaintiffs demands judgment in their favor and against Defendants in an amount in excess of $850,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

                      **LAW OFFICE OF JOHN NEUMANN HICKEY**

**BY:** _____
John Neumann Hickey
Attorney ID 61896
20 West Front Street, Media, PA 19063
(610)891-8883
JNH@hickeylaw.com

Date: June 26, 2020